FILED
CLERK

2010 OCT 18 PM 3: 09

U.S. DISTRICT COURT
EASTERN DISTRICT
OF HEW YORK

PRYOR CASHMAN LLP
Attorneys for Plaintiff
7 Times Square
New York, New York 10036
(212) 421-4100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CARSON OPTICAL, INC.,                                          :

                                    Plaintiff,                 :

                                                               **CV 10 - 4769**  COMPLAINT

                                                               ECF Filed

                 -against-                                     Jury Trial Demanded

SAKAR INTERNATIONAL, INC, and JOHN                             :   DEARIE, CH. J.
DOES 1 – 10,

                                    Defendants.                :   GOLD, M.J.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Plaintiff Carson Optical, Inc. ("Carson"), by their attorneys Pryor Cashman LLP, as and for

its complaint against defendants Sakar International, Inc. ("Sakar") and John Does 1 – 10, allege as

follows:

## NATURE OF THE ACTION

        1.      This is an action for false advertisement under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a), deceptive business practices under Section 349 of the New York General Business

Law and for false advertising under Section 350 of the New York General Business Law.  Carson

seeks an injunction, damages and related relief.

        2.      As described herein, Carson's claims are based on defendants' false and misleading

statements to consumers regarding the performance and value of magnifier products marketed and

sold by defendants.  Specifically, in the packaging and advertising related to magnifiers sold by

defendants, the defendants grossly misstate and misrepresent the magnifying power of their products. Defendants' false and misleading statements have caused consumers to believe that defendants' magnifier products perform at a higher level than they actually perform and provide greater value than they actually provide.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1367. Venue is this district is proper pursuant to 28 U.S.C. § 1391(b) and (c).

4. This Court has personal jurisdiction over defendants in that defendants have established minimum contacts with the forum. Upon information and belief, defendants transact business, as that phrase is construed under N.Y. C.P.L.R. §§ 301 and 302(a)(1), in the State of New York, including in this District. On information and belief, defendants offer for sale and sell their magnifier products in New York in a manner that violates Section 43(a) of the Lanham Act and Sections 349 and 350 of the New York General Business Law, and defendants' unlawful conduct has caused injury to Carson in this State.

## THE PARTIES

5. Plaintiff Carson is a New York corporation with its principal place of business at 35 Gilpin Avenue, Hauppauge, New York 11788. Carson is engaged in, among other business activities, importing, selling and distributing optical devices, including magnifiers.

6. Upon information and belief, defendant Sakar is a New Jersey corporation with its principal place of business at 195 Carter Drive, Edison, New Jersey 08817. Sakar is a consumer electronics manufacturer that, among other business activities, markets, sells and distributes optical devices, including magnifiers under the brand name Vivitar.

2

7.     Upon information and belief, John Does 1 – 10 are retailers who market, sell and distribute Vivitar-branded magnifiers supplied by Sakar and who have misrepresented the magnifying power of said magnifiers in their marketing and advertising materials.

## FACTS

8.     For more than 15 years, Carson has been involved in the business of marketing and selling magnifiers and optical goods.  Among other products, Carson markets and sells handheld LED illuminated magnifiers. Carson's sales of magnifiers account for approximately 35% of the magnifier market in the U.S.

9.     As a result of Carson's extensive distribution and sale of its magnifiers in the United States and throughout the world, Carson has become well known to the consuming public and trade as a source of high quality magnifiers.

10.     Defendant Sakar recently acquired rights to the brand name "Vivitar" and has been manufacturing, distributing, offering for sale, and/or selling in interstate commerce Vivitar Handheld LED Illuminated Magnifiers (the "Vivitar Magnifier Sets").  The Vivitar Magnifier Sets have been advertised and sold via websites and other retail outlets operated by the John Doe defendants.

11.     The Vivitar Magnifier Sets include either two or three different sized magnifiers, that, according to packaging and advertising utilized by defendants, each provide a different degree of magnifying power.

12.     The packaging and advertising employed by defendants for the three-piece Vivitar Magnifier Sets state that the magnifiers included therein provide magnifying power of 4X, 6X and 7X, respectively.  The packaging and advertising employed by defendants for the two-piece Vivitar Magnifier Sets state that the magnifiers included therein provide magnifying power of 6X and 7X, respectively.

3

13.    These foregoing statements and representations are deliberately and willfully false and misleading in that the actual magnifying power of the magnifiers included in the Vivitar Magnifier Sets range between 2X and 3X. None of the magnifiers included in the Vivitar Magnifier Sets possess magnifying power of 4X, 6X or 7X.

14.    Upon information and belief, the smallest of the magnifiers contained in each three-piece Vivitar Magnifier Set has a magnifying power of approximately 3X, the midsized magnifier has a magnifying power of approximately 2.5X, and the largest magnifier has a magnifying power of 2X.

15.    As demonstrated in the foregoing paragraph, the smaller a magnifier's lens, the greater its magnifying power. Conversely, the larger a magnifier's lens, the lesser its magnifying power. Despite this indisputable fact, many of the defendants have stated and continue to state in their advertising concerning the Vivitar Magnifier Sets that the larger-sized magnifier included therein provides 7X magnifying power, the mid-sized magnifier provides 6X magnifying power and the smaller-sized magnifier provides 4X magnifying power. In these situations, defendants are again deliberately and willfully misleading the consuming public regarding the nature and characteristics of the Vivitar-branded magnifiers.

16.    Plaintiff Carson is a direct competitor of defendants in that Carson markets and sells multiple high-quality hand-held, illuminated magnifiers. In the case of each Carson-branded hand-held, illuminated magnifier, consumers are accurately apprised of the product's magnifying power. Given scientific and technological limitations, Carson does not manufacture (and indeed it would be impossible for it to manufacture) single-lens handheld magnifiers in sizes comparable to the magnifiers included in the Vivitar Magnifier Sets that provide magnifying power of 4X, 6X or 7X.

17.    In the time since Sakar and the other defendants have been marketing and selling the

4

Vivitar Magnifier Sets with their wildly exaggerated claims regarding the magnifiers' magnifying power, Carson has received numerous complaints from its clients and customers stemming from the incorrect perception, deliberately being fostered by defendants, that Carson's magnifiers fall short with respect to quality and value as compared to the performance claims made by defendants regarding the Vivitar Magnifier Sets. Many of Carson's distributors and customers have inquired as to why Carson is not making magnifiers with the magnifying power falsely attributed to the Vivitar Magnifier Sets by defendants.

18. As a result of defendants' false and misleading statements and representations regarding the magnifying power of the Vivitar Magnifier Sets, and the resulting belief by many consumers that the Vivitar Magnifier Sets provide greater magnifying power and better value than Carson's magnifiers, Carson has lost a significant share of its handheld illuminated magnifier business.

## FIRST CLAIM FOR RELIEF
### (False Advertising - 15 U.S.C. § 1125(a))

19. Carson repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

20. As described in the foregoing paragraphs, defendants have, in connection with goods and services, used false or misleading descriptions of fact, or false and misleading representations of fact, in commercial advertising or promotion which misrepresent the nature, characteristics and/or qualities of the Vivitar-branded magnifiers. Specifically, defendants have stated, and continue to state in the packaging and advertising for the Vivitar Magnifier Set that the magnifiers contained therein have up to three times as much magnifying power as they actually have and that the larger-sized

5

magnifiers provided greater magnifying power than the smaller-sized magnifiers.

21.     Defendants' statements have actually deceived, or have a tendency to deceive, a substantial segment of its audience.

22.     Defendants' deception is material and is likely to influence the purchasing decisions of consumers of magnifier products.

23.     Defendants' false and misleading statements and representations were and are being made in interstate commerce.

24.     Defendants' improper activities described herein have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

25.     As a result of defendants' unlawful activities, Carson has suffered and will continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to defendants which Carson would have earned but for defendants' false and deceptive advertising.  Carson will continue to suffer such substantial injury unless defendants are preliminarily and/or permanently enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Unfair and Deceptive Business Practices – N.Y. General Business Law § 349)

26.     Carson repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     This Claim arises under the laws of the State of New York.

28.     This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

29.     As described in the foregoing paragraphs, defendants have engaged in and is engaging in consumer-oriented conduct that is deceptive or misleading in a material way, constituting unfair

and deceptive business practices in violation of New York General Business Law § 349.

30.     Defendants' false, misleading and deceptive statements and representations of fact were and are directed to consumers.

31.     Defendants' false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

32.     Defendants' false, misleading and deceptive statements and representations of fact have resulted or are likely to result in consumer injury or harm to the public interest.

33.     As a result of defendants' unfair and deceptive business practices, Carson has suffered and will continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to defendants which Carson would have earned but for the false and deceptive advertising by defendants.  Carson will continue to suffer such substantial injury unless defendants are preliminarily and/or permanently enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(False Advertising– N.Y. General Business Law § 350)**

34.     Carson repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.     This Claim arises under the laws of the State of New York.

36.     This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

37.     As described in the foregoing paragraphs, defendants have engaged in and is engaging in consumer-oriented conduct that is deceptive or misleading in a material way, constituting false advertising in the conduct of business, trade or commerce in violation of New York General Business Law § 350.

38.     As a result of defendants' false advertising, Carson has suffered and will continue to suffer substantial injury, including irreparable injury and damages, including but not limited to loss of sales and profits to defendants which Carson would have earned but for defendants; false and deceptive advertising.  Carson will continue to suffer such substantial injury unless defendants are preliminarily and/or permanently enjoined by this Court.

WHEREFORE, Carson respectfully requests that the Court grant the following relief in Carson's favor against the defendants:

1.      An order that defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them:

      a.      be enjoined preliminarily and/or permanently from making any false or misleading statements or representations concerning the magnifying power of the magnifiers included in the Vivitar Magnifier Sets or of any other magnifiers marketed, sold or distributed by defendants;

      b.      notify their customers and the magnifier industry generally of the precise nature of the magnifying power of the magnifiers included in the Vivitar Magnifier Sets or of any other magnifiers marketed, sold or distributed by defendants;

      c.      disseminate appropriate and effective corrective advertising and promotional materials to defendants' customer bases, including but not limited to on the homepages of defendants' respective websites, correcting defendants' false, misleading and deceptive representations regarding the Vivitar Magnifier Sets; and

      d.      notify each and every customer who purchased Vivitar Magnifier Sets of the accurate magnifying power of each magnifier included in said Vivitar Magnifier Sets;

8

2.   An award of damages sustained by Carson pursuant to 15 U.S.C. § 1117(a)(2), N.Y.

Gen. Bus. L. §§ 349 and 350, and as otherwise permitted by law;

3.   An order requiring defendants to account for and pay over to Carson all profits

realized by their unlawful acts and conduct pursuant to 15 U.S.C. § 1117(a)(1);

4.   An award of Carson's costs, including reasonable attorneys' and investigatory fees

and expenses;

5.   An award of prejudgment and post-judgment interest; and

6.   Such other and further relief as the Court deems just and proper.

Dated: New York, N.Y.
        October 18, 2010

                                    PRYOR CASHMAN LLP
                                    Attorneys for Plaintiff

                            By: _____

                                    John J. Lynch (JL 8196)
                                    Robert J. deBrauwere (RD 9190)
                                    7 Times Square
                                    New York, NY 10036
                                    (212) 421-4100